◼  LOUIS P. KURTIS, as Commissioner of Social Services of the County of Westchester, Respondent, v. ALLSTATE INSURANCE COMPANY et al., Appellants, et al., Defendant.— In an action to recover upon an assignment of a portion of the proceeds of a claim of defendant Shirley O'Neill for personal injuries in which an order of the Supreme Court, Westchester County, was made granting plaintiff summary judgment and directing an assessment of damages, (1) defendant Barone appeals from (a) a decision of the same court, dated January 12, 1972, which assessed damages at $15,000 in favor of plaintiff against defendants Barone and O'Neill, (b) an order of the same court, entered March 8, 1973, which granted plaintiff's motion for reargument and thereupon directed that the assessment of damages of $15,000 is against all three defendants, and (c) a further order of said court, entered March 22, 1973, which denied defendant Barone's cross motion to vacate his default in appearing at the assessment of damages; and (2) defendant Barone further appeals and defendant Allstate Insurance Company appeals from (a) a judgment of said court,

entered March 21, 1973, in favor of plaintiff against all three defendants upon said assessment of damages and (b) an amended judgment of said court, entered April 17, 1973, in favor of plaintiff against all three defendants and in favor of defendant Allstate Insurance Company for recovery over against defendants Barone and O'Neill. Appeals from decision dated January 12, 1972, the order entered March 8, 1973 and the judgment entered March 21, 1973 dismissed, without costs. No appeal lies from a decision (CPLR 5511; *Goldberg* v. *Orzac,* 30 A D 2d 697, affd. 23 N Y 2d 919). This order was entered upon defendant Barone's default and is thus not appealable by him (CPLR 5511). The appeal from this judgment is academic, since the judgment was superseded by the amended judgment entered April 17, 1973. Order entered March 22, 1973 reversed, defendant Barone's cross motion to vacate his default granted; amended judgment reversed, on the law and in the interests of justice, all without costs, and case remitted to Special Term for a new assessment of damages against all three defendants. In our opinion it was an improvident exercise of discretion under the circumstances of this case to deny defendant Barone's cross motion to be relieved of his default in appearing at the assessment of damages. The case should be remitted to Special Term for a new hearing to assess damages, against all defendants, as the evidence adduced at the assessment hearing under review was insufficient to establish the amount of welfare payments to defendant O'Neill as opposed to those to her husband John. At the new hearing defendant Allstate's liability under the equitable assignment should be limited to the amount paid by plaintiff to defendant O'Neill as of the date of the settlement of her personal injury claim. Gulotta, P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.